NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

JESUS OSCAR MERAZ LEON, *Petitioner*.

No. 1 CA-CR 15-0422 PRPC
FILED 4-25-2017

Petition for Review from the Superior Court in Maricopa County
No. CR0000-149150
The Honorable Jo Lynn Gentry, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Diane Meloche
*Counsel for Respondent*

Jesus Oscar Meraz Leon, Florence
*Petitioner*

**MEMORANDUM DECISION**

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

**B E E N E**, Judge:

¶1        Petitioner Jesus Oscar Meraz Leon petitions this court for review from the denial of his petition for post-conviction deoxyribonucleic acid ("DNA") testing pursuant to Arizona Rule of Criminal Procedure 32.12(c) and Arizona Revised Statutes ("A.R.S.") section 13-4240(B) (2000).[1] We review the denial of a request for post-conviction DNA testing for abuse of discretion. *State v. Gutierrez*, 229 Ariz. 573, 577, ¶ 19, 278 P.3d 1276, 1280 (2012).

¶2        A jury convicted Leon of armed burglary, sexual assault and attempted sexual assault in 1985.  Leon committed the offenses with an accomplice.  The trial court sentenced him to two consecutive life sentences for armed burglary and sexual assault and a concurrent term of twenty years' imprisonment for attempted sexual assault.  The Arizona Supreme Court affirmed Leon's convictions and sentences in 1987.  In the intervening years, Leon has sought relief in over fourteen post-conviction relief proceedings.

¶3        Leon argues he is entitled to DNA testing of seminal fluid, spermatozoa and a single hair investigators found in 1985.  A person convicted of a felony may petition at any time for DNA testing of evidence in the possession or control of the court or the State, if it is related to the investigation or the prosecution that resulted in the conviction, and it may contain biological evidence.  Ariz. R. Crim. P. 32.12(a); A.R.S. § 13-4240(A).  A court "shall" order DNA testing if the petitioner meets all the

---

[1]        Rule 32.12 and A.R.S. § 13-4240 are effectively the same.

requirements of Rule 32.12(c) or A.R.S. § 13-4240(B).[2]  It will suffice to note, that among those requirements is that the evidence must still exist and be in a condition that allows DNA testing.  Further, the evidence must not have been previously subjected to DNA testing or not previously subjected to the specific testing the petitioner now requests, and the additional testing may resolve an issue not resolved by prior testing.  Ariz. R. Crim. P. 32.12(c); A.R.S. § 13-4240(B).

**¶4**        We deny relief.  First, Leon offers no proof the evidence still exists more than thirty years after investigators first collected it, or, if it does exist, that it remains in a condition that allows DNA testing.  Second, Leon previously petitioned for DNA testing in 2004.  The superior court's ruling on that first petition is not contained in the record on review and there is nothing in the record to suggest the court granted the petition.  Even so, if the trial court failed to rule on the motion, it was denied by operation of law.  *State v. Hill*, 174 Ariz. 313, 323, 848 P.2d 1375, 1385 (1993).  Regardless of whether the court denied the petition or if it was denied by operation of law, if Leon wished to challenge the failure to grant that earlier petition for testing, he had an obligation to file a timely petition for review pursuant to Rule 32.9(c).

**¶5**        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

2        A court "may" order DNA testing if the petitioner meets the requirements of Rule 32.12(d) or A.R.S. § 13-4240(C).  Leon does not seek testing under either of these provisions.